IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANDREA C. WOOD,

    Plaintiff,

v.

COUNTY OF CONTRA COSTA, et al.,

    Defendants.

Case No. 19-cv-07124-MMC

**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

On October 29, 2019, plaintiff Andrea C. Wood ("Wood") filed the above-titled action, in which she alleges that two state court judges, seven other individuals, and a county entered into a conspiracy to cause the state court to remove Wood's minor children from her custody.

The Court, having read and considered the complaint, finds it appropriate to direct Wood to show cause why the complaint should not be dismissed without leave to amend. See Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981) (holding district court may "act on its own initiative to note the inadequacy of a complaint and dismiss it," after first affording plaintiff an opportunity to respond thereto).

**BACKGROUND**

Wood alleges the County of Contra Costa's ("County") Department of Family & Child Services ("DFCS") "removed" from Wood's custody two of her children, referred to by Wood as "HP" and "KP," and instituted "dependency hearings" in state court. (See Complaint ¶¶ 16, 20.) According to Wood, the removal of her children and the subsequent court proceedings were the result of an alleged "racketeering [e]nterprise." (See Compl. ¶¶ 32, 34, 53.) The alleged members of such "enterprise" are (1) Superior

1  Court Judge Lois Haight ("Judge Haight"), (2) Superior Court Judge Thomas Maddock
2  ("Judge Maddock"), (3) the County, (4) Kellie Case ("Case"), a DFCS social worker, (5)
3  Edyth Williams ("Williams"), a DFCS social worker, (6) Cecelia Gutierrez ("Gutierrez"), a
4  DFCS social worker, (7) Judith Lawrence ("Lawrence"), an attorney appointed to
5  represent HP, (8) Mary P. Carey ("Carey"), an attorney who represented Wood,
6  (9) Ravinder Bains, M.D. ("Dr. Bains"), a neighbor of Wood, and (10) Erica Bains, a
7  neighbor of Wood (collectively with Dr. Bains, "the Bains").

8  Wood alleges the enterprise's assertedly unlawful acts began in August 2017,
9  when Erica Bains provided a "false report" about Wood to the DFCS (see Compl, ¶¶ 5, 9,
10 17), after which the DFCS "removed [her] children" (see Compl. ¶ 20). Wood alleges
11 that, thereafter, Gutierrez filed in state court a "Detention Report based on fabricated
12 allegations, with no evidence," which filing was provided to Judge Haight, the state court
13 judge to whom the matter had been assigned. (See Compl. ¶ 21.) Next, Wood alleges,
14 Judge Haight appointed Carey, a private attorney, to act as counsel for Wood (see
15 Compl. ¶¶ 22-23), and that Carey "immediately proceeded contrary to the wishes of
16 [Wood]" (see Compl. ¶ 23).

17 Wood also alleges Judge Haight conducted the subsequent proceedings in a
18 manner that caused Wood to be deprived of custody of her children; specifically, Wood
19 alleges, "the court" issued a "notice" in which "the court" stated it "wishe[d] to adopt out
20 HP and KP" (see Compl. ¶ 28). According to Wood, said determination was the result of
21 a series of unlawful acts. In particular, Wood alleges that "all" defendants "obstruct[ed]
22 justice by coaching TP [another of Wood's children], HP, and KP" (see Compl. ¶ 50),[1]

---

[1] Wood gives four examples of such coaching: (1) Erica Bains "coached" TP to "tell untruths about [Wood] and that she hit HP" (see Compl. ¶ 38); (2) a "member of the [e]nterprise," unidentified by Wood, "coached KP to say she was hit with a whip" (see Compl. ¶ 42); (3) Judge Haight, Case, and Lawrence "persuaded TP, HP and KP . . . to engage in false statements" (see Compl. ¶ 48), and, in particular, "coached HP . . . to untruthfully testify about [Wood's] sex life" and to "tell less than the whole truth" (see AC ¶¶ 59-60); and (4) a member or members of the "[e]nterprise," unidentified by Wood, threatened HP that he would be placed in "Juvenile Hall" unless he said "bad things" about Wood (see Compl. ¶ 39).

2

1    that Williams "committed perjury" on "numerous occasions" to "cast an unwarranted
2    negative light upon [Wood]" (see Compl. ¶ 56), that Judge Haight made a "disapproving
3    look" during Case's testimony, in order to convince Case to change her testimony in a
4    manner unfavorable to Wood (see Compl. ¶¶ 26, 40), that Judge Haight "denied [Wood's]
5    right to call a witness" (see Compl. ¶ 29), that Carey "block[ed]" Wood's "evidence" from
6    being admitted and made "deal[s]" that were "strongly against [Wood's] interests" (see
7    Compl. ¶¶ 24, 25), that Judge Maddock stated he would have Wood "arrested" if she
8    made "one mention of these matters to the mass media" (see Comp. ¶ 30), and that
9    Judge Maddock denied Wood access to "transcripts" that would have "implicated" him in
10   violations of federal law (see Compl. ¶ 57).

Based on the above allegations, Wood asserts a single cause of action, specifically, Count One, in which Wood asserts all defendants have violated 18 U.S.C. § 1961, the Racketeer Influenced and Corrupt Organizations Act ("RICO").

## DISCUSSION

The RICO claim alleged in the instant complaint is, in all material respects, identical to the RICO claim Wood asserted in a prior action she filed in the Northern District of California, Wood v. County of Contra Costa, Case No. 19-4266 (hereinafter, "Wood 1").  The only differences between the RICO claim as asserted in Wood 1 and in the instant action are that, in the instant action, Wood has removed Patricia Lowe as a defendant and has added Dr. Bains along with an allegation that the Bains are being paid "a great deal of monies" to "foster[ ]" HP.  (See Compl. ¶ 38).

By order filed October 8, 2019, the Court dismissed, under the "Rooker-Feldman doctrine," the RICO claim asserted in Wood 1, as well as all other claims asserted in said action, for lack of subject matter jurisdiction. (See Order, filed October 8, 2019, Wood I, at 4:7-10, 5:24-7:21 (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)).  In addition, the Court found it proper to abstain, under the "Younger doctrine," from considering the RICO claim asserted in Wood 1, as well as all other claims asserted therein. (See id. at 4:10-11, 8:1-

9:28 (citing Younger v. Harris, 401 U.S. 37 (1971)).)

As noted, the RICO claim as asserted in Wood 1 and in the instant action is, in essence, the same claim. Accordingly, for the reasons stated in the order dismissing Wood 1, the Court finds the instant action is barred by the Rooker-Feldman and Younger doctrines.

## CONCLUSION

For the reasons stated above, Wood is hereby ORDERED TO SHOW CAUSE, in writing and no later than November 27, 2019, why the above-titled action should not be dismissed without leave to amend, and without prejudice.

**IT IS SO ORDERED.**

Dated: November 8, 2019

MAXINE M. CHESNEY
United States District Judge